Case 2:16-cv-00478 Document 26 Filed on 09/13/17 in TXSD Page 1 of 10

United States District Court
Southern District of Texas
**ENTERED**
September 14, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERRY BUTLER SMITH JR, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-478 |
| | § | |
| TDCJ PAROLE BOARD, *et al*, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DISMISS CERTAIN CLAIMS AND TO RETAIN CASE

This civil rights action was filed by Jerry Butler Smith, Jr., a former Texas state prisoner, pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's Eighth Amendment claim alleging failure to protect against Gateway Foundation be retained. It

is respectfully recommended further that Plaintiff's claim against the TDCJ Parole Board be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I. JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

### A. Plaintiff's Previously-Filed Civil Rights Action

On September 3, 2015, Plaintiff filed a civil rights action while he was an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and confined at the Glossbrenner Unit in San Diego, Texas. (*Smith v. TDCJ Parole Board, et al.*, No. 2:15-CV-382 (S.D. Tex. filed on Sep. 3, 2015) ("*Smith I*"), D.E. 1). The Glossbrenner Unit is a Substance Abuse Felony Punishment Facility (SAFPF).

In the original complaint, Plaintiff named as defendants the TDCJ Parole Board and the Gateway Foundation (Gateway).[1] Plaintiff subsequently filed supplements to his complaint (*Smith I*, D.E. 17, 18) and appeared before the undersigned for a *Spears hearing* on October 19, 2015. Plaintiff was granted leave at the *Spears* hearing to add additional defendants. Plaintiff testified at the *Spears* hearing that: (1) as part of the Gateway program, "clients" are required to police each other and must report to Gateway counselors about each other's conduct; and (2) the Gateway system employs gang

---

[1] The Gateway Foundation is a private company that contracts with the TDCJ to provide substance abuse treatment services. See https://gatewaycorrections.org/locations/texas/.

members to enforce rules and regulations at the Unit and to intimidate other offenders into compliance. (*Smith I*, D.E. 37, p. 3).

According to Plaintiff, a Gateway counselor ordered Plaintiff on July 21, 2015, to report back to her with information regarding other offenders. (*Id.*). Plaintiff began to worry that he would be labeled a "snitch." (*Id*). On July 24, 2015, Plaintiff was cornered by three members of the Latin Kings. (*Id.*, p. 4). His bunk-mate then assaulted Plaintiff, and when Plaintiff tried to run to officers to get help, other inmates blocked the door. (*Id.*). Plaintiff suffered injuries to his head and right hand. (*Id.*).

Plaintiff objected to the decision by the TDCJ Parole Board to place Plaintiff in a SAFPF, arguing that its techniques did not work and were an attempt at mind control. Plaintiff further claimed that Gateway had violated his Eighth Amendment right to be free from cruel and unusual punishment by instigating policies and procedures that placed his life in danger. In addition, Plaintiff asserted constitutional claims against other named defendants. On November 5, 2015, the undersigned issued an Opinion and Order which, among other things, dismissed Plaintiff's claim against the TDCJ Parole Board with prejudice for failure to state a constitutional violation and retained Plaintiff's Eighth Amendment failure to protect claim against Gateway. (*Smith* I, D.E. 37, pp. 6-9, 12).

Plaintiff filed a notice of change of address in *Smith I*, reflecting that he had been released from TDCJ custody on January 22, 2016 and was living at the Salvation Army facility in Dallas, Texas. (*Id.*, D.E. 54). However, Plaintiff subsequently moved to another address but failed to file a follow-up notice of change of address with the Court.

Accordingly, on June 17, 2016, District Judge Nelva Gonzales Ramos dismissed Plaintiff's action without prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on Plaintiff's failure to advise the Court of his new mailing address, his failure to file a response to the defendants' motion to compel, and his failure to comply with a show cause order. (*Id.*, D.E. 77).

### B. The Instant Action

At the time Plaintiff filed this action, Plaintiff again was confined at the Glossbrenner Unit. (D.E. 1). Plaintiff was subsequently transferred to the Cheyenne Center in Houston, Texas. (D.E. 15).

On February 2, 2017, Plaintiff was ordered to complete his complaint on the standard complaint form within thirty (30) days (D.E. 17). Plaintiff failed to timely comply. On March 13, 2017, and again on May 1, 2017, Plaintiff was ordered to show cause within thirty (30) days why his claims should not be dismissed for failure to timely comply and for want of prosecution. (D.E. 19, 20). Plaintiff was warned that failure to timely comply could result in dismissal of his claims for want of prosecution and failure to comply with court orders (D.E. 19, 20). When Plaintiff again failed to timely comply, the undersigned issued a Memorandum and Recommendation on June 13, 2017 (June 13, 2017 M&R) to dismiss this case without prejudice for failure to comply with court orders pursuant to Rule 41(b). (D.E. 21, 22).

On June 20, 2017, Plaintiff filed a pleading with the Court which indicated his willingness to proceed with his claims. (D.E. 23). Thus, on June 23, 2017, the undersigned withdrew the June 13, 2017 M&R and ordered Plaintiff to file an amended complaint within thirty days. (D.E. 24). Plaintiff filed his Amended Complaint in a proper and timely manner on July 17, 2017. (D.E. 25).

In his Amended Complaint, Plaintiff names the TDCJ Parole Board and Gateway as defendants. (D.E. 25, p. 1). Plaintiff states that in March, 2016, the "TDCJ Parole Board filed a motion to revoke" and that he was subsequently assigned to the Glossbrenner Unit. (D.E. 25, p. 4).

Plaintiff alleges that he has been assaulted on two occasions at the Glossbrenner Unit. (D.E. 25, p. 4). Plaintiff first references the July 24, 2015 assault that was part of his first lawsuit in *Smith I*. Plaintiff next references an assault during the summer of 2016. (D.E. 25, p. 4). With regard to this incident, Plaintiff alleges that he was assaulted by an individual named Joshua McNight, who struck Plaintiff several times while TDCJ officers prevented Plaintiff from exiting to safety. Similar to *Smith I*, Plaintiff complains again about Gateway's "accountability policy," which led Plaintiff to be labeled a snitch in the prison unit. (D.E. 25, p. 3). Plaintiff asserts that the methods used by Gateway are "cruel and unusual." (D.E. 25, p. 4). Plaintiff seeks injunctive relief in the form of showing taxpayers that Gateway's program is a failure. (D.E. 25, p. 4).

### III.  LEGAL STANDARD.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can

be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that the defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id*.

A claim shall also be dismissed if it is determined to be frivolous, which means it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such

as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim further has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

## IV.   DISCUSSION.

### A.   TDCJ Parole Board.

While not entirely clear, Plaintiff again appears to object to his placement in a SAFPF, the Glossbrenner Unit, by the TDCJ Parole Board. However, his assignment to a SAFPF fails to state a constitutional violation because the Fifth Circuit Court of Appeals has held that such placement is nothing more than a change in the condition of parole and is not actionable. *See Morrison v. Brown,* 199 F.3d 438, 438 (5th Cir. 1999). Under *Sandin v. Conner,* 515 U.S. 472, 484 (1995), Texas parolees have no liberty interest in parole that is protected by the due process clause and therefore, they cannot complain of the constitutionality of procedural devices attendant to parole decisions. *Allison v. Kyle,* 66 F.3d 71, 74 (5th Cir. 1995) (per curiam). Accordingly, it is respectfully recommended that Plaintiff's claim objecting to his placement in a SAFPF in 2016 against the TDCJ Parole Board is dismissed with prejudice for failure to state a constitutional violation.

### B.   Gateway.

As an initial matter, Plaintiff has not alleged that Gateway is a state actor. However, it is well established that a private actor may be considered a state actor when

he or she "performs a function which is traditionally the exclusive province of the state" or when "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Wong v. Stripling,* 881 F.2d 200, 202 (5th Cir. 1989). On its website, Gateway claims to have partnered with the TDCJ since 1992 in providing substance abuse treatment services and it operates eleven programs housed in correctional facilities throughout the TDCJ.[2] Gateway, in providing drug and alcohol rehabilitation services to TDCJ offenders, provides a service that is fairly attributable to the state. Gateway, therefore, is a state actor for purposes of Plaintiff's § 1983 claim against it.

In turning to Plaintiff's claim against Gateway, prison officials have a duty to protect prisoners from violence at the hand of other prisoners. *Cantu v. Jones*, 293 F.3d 839, 844 (5th Cir. 2002) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A prison official is deliberately indifferent to the inmate's safety if the official knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. *Cantu*, 293 F.3d at 844 (citing *Farmer*, 511 at 847). Deliberate indifference describes a state of mind "more blameworthy than negligence;" there must be "more than ordinary lack of due care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835.

Plaintiff claims that Gateway has violated his Eighth Amendment right to be free from cruel and unusual punishment by instigating "accountability policies" that effectively place his life in danger. Plaintiff alleges that these policies have resulted in

---

[2] *See* https://gatewaycorrections.org/locations/texas/.

him being labeled a "snitch" and subject to physical violence by other inmates. Plaintiff alleges two instances in his Amended Complaint where he has been assaulted by other inmates, once on July 24, 2015, and again during the summer of 2016.

The Fifth Circuit has recognized that labeling an inmate as a "snitch" places him at an excessive risk of physical harm. *See e.g. White v. Fox,* 470 F. App'x. 214, 223 (5th Cir. 2012) (concluding that a failure to protect claim was supported by evidence showing prison officials were aware that other prisoners knew plaintiff was an informant); *Adames v. Perez,* 331 F.3d 508, 512 (5th Cir. 2003) (concluding that prison officials knew, or should have known, that plaintiff was at an increased risk of physical violence after being labeled a snitch). Plaintiff has alleged sufficient facts against Gateway that, if true, state a claim for failure to protect because Gateway's very policies create situations in which a prisoner might be labeled a "snitch," and therefore, subjected to an increased risk of physical harm.[3] Accordingly, it is respectfully recommended that Plaintiff's Eighth Amendment failure to protect claim against Gateway be retained.

## V. CONCLUSION.

For the reasons stated above, it is respectfully recommended that the Court retain Plaintiff's Eighth Amendment failure to protect claim against Gateway and that service be ordered on Gateway. It is respectfully recommended further that Plaintiff's claim against the TDCJ Parole Board be dismissed with prejudice for failure to state a claim

---

[3] Because the Court dismissed *Smith I* without prejudice, such dismissal is not considered to be an adjudication on the merits. *See W.K.G. v. Nueces County Juvenile Detention Dep't*, No. C-09-65, 2009 WL 2868227, at *2 (S.D. Tex. Aug. 18, 2009) (citing Fed. R. Civ. P. 41(b) and *Callip v. Harris County Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985)). Plaintiff's allegations concerning the July 24, 2015 assault, which were raised and dismissed without adjudication on the merits in *Smith I*, may therefore be considered in the instant action along with his allegations of being assaulted during the summer of 2016.

upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Respectfully submitted this 13th day of September, 2017.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996)(en banc).