Case 2:16-cv-00478 Document 48 Filed on 06/26/18 in TXSD Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
June 26, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| JERRY BUTLER SMITH JR, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:16-CV-478 |
| § | |
| TDCJ PAROLE BOARD, *et al*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Plaintiff Jerry Butler Smith, Jr., alleges that his constitutional rights were violated when he was physically assaulted while incarcerated at the Glossbrenner Unit in San Diego, Texas. He also complains that his attempt to follow prison policy resulted in his being labeled a "snitch," thus putting him at risk of assault from other inmates. As discussed more fully below, it appears that Plaintiff has abandoned his lawsuit and it is recommended that his cause of action be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## JURISDICTION

This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper here because the actions about which Plaintiff complains occurred in San Diego, Duval County, Texas, which is located in the Corpus Christi Division of the Southern District of Texas.

## BACKGROUND

Petitioner first complained of conditions at the Glossbrenner Unit in a lawsuit he filed on September 3, 2015. *Smith v. TDCJ Parole Board, et al.*, No. 2:15-CV-382 (S.D. Tex. filed on Sep. 3, 2015) (*Smith I*). He asserted that the defendants in that lawsuit, Gateway Recovery Program and its employees, pressured inmates to report on other inmates' activities, causing them to be identified as "snitches" and to be at risk of retaliation from other inmates. He also asserted that on July 24, 2015 he was cornered by three members of the Latin Kings gang, giving his bunk mate an opportunity to assault him. When he tried to escape, other inmates blocked the door. Plaintiff alleged that he sustained long-term injuries in the attack. *Id.* at D.E. 37, pp. 3-4.

Mail sent to Plaintiff in April 2016 was returned as "undeliverable" and he did not respond to discovery requests from Defendants. *Id.* at D.E. 70-71, 73. On May 23, 2016 Plaintiff was ordered to show cause why his lawsuit should not be dismissed. He did not respond and his case was dismissed without prejudice on June 17, 2016. *Id.* at D.E. 76, 77.

Plaintiff mailed a letter to the Court on June 28, 2016, once again complaining about the Gateway Foundation and its practice of having inmates report on the behavior of other inmates. Plaintiff repeated his allegation that he was assaulted by his bunk mate on July 24, 2015 and added an allegation that he was assaulted by another inmate on September 26, 2018 (D.E. 1). Plaintiff asserted causes of action for violation of his Eighth Amendment right to be free of cruel and unusual punishment. The letter was docketed as a civil rights complaint (D.E. 2).

On January 15, 2017 Plaintiff notified the Court that he had been moved to the Cheyenne Center, a substance abuse treatment facility in Houston, Texas, and expected to be there for ninety days. Plaintiff stated that he would notify the Court of his next address change (D.E. 15-1).

On February 2, 2017 Plaintiff was ordered to file a complaint on the standard 42 U.S.C. § 1983 complaint form (D.E. 17). He failed to do so and on March 13, 2017 and May 1, 2017 he was ordered to show cause why his complaint should not be dismissed for want of prosecution (D.E. 19, 20). On June 13, 2017, a Memorandum and Recommendation (M&R) was filed recommending that Plaintiff's lawsuit be dismissed without prejudice (D.E. 21, 22). A week later Plaintiff sent a letter to the Court indicating that he wished to pursue his claims and the M&R was withdrawn (D.E. 24). Petitioner filed an amended complaint on the proper form on July 17, 2017 and the return address showed that he was still housed at the Cheyenne Center (D.E. 25). After initial review, some of Plaintiff's claims were dismissed and service was ordered on the remaining claims (D.E. 26, 27).

In February and March 2018 four pieces of mail sent to Plaintiff at the Cheyenne Center were returned as undeliverable and Plaintiff has had no further contact with the Court (D.E. 41-45). An attempt to locate Plaintiff by telephone at the Cheyenne Center was unsuccessful as the person who answered the telephone was unable to confirm that Plaintiff was a resident of the facility or provide a forwarding address. Nor does Plaintiff's name appear on the Texas Department of Criminal Justice Offender Locator website. On June 15, 2018 Plaintiff was ordered to show cause why his lawsuit should

not be dismissed for want of prosecution and he was given until June 25, 2018 to respond (D.E. 46).  The order was returned to the Court on June 22, 2018 with the notation "Addressee Unknown--Return to sender" (D.E. 47).  Once again, it appears that Plaintiff has abandoned his claims.

## DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides the following:

> (b) **Involuntary Dismissal; Effect.**  If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except for one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

A court may *sua sponte* dismiss an action for failure to prosecute.  *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997).  "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts.'"  *Id.* (quoting *Link v. Wabash Railroad*, 370 U.S. 626, 630-31).

"A dismissal with prejudice is an extreme sanction that deprives the petitioner of the opportunity to pursue his claim further."  *Curtis v. Quarterman*, 340 Fed. Appx. 217, 218 (5th Cir. 2009).  Therefore, district courts have limited discretion to dismiss a claim with prejudice.  *Id.*  Before doing so, a court must determine whether there is a clear record of purposeful delay or contumacious conduct by the plaintiff and whether the best interests of justice would not better be served by lesser sanctions.  *Id.* (citations omitted). In addition, the court must look to see whether any aggravating factors exist, including

(1) the extent to which the plaintiff rather than his attorney was responsible for the delay; (2) the degree of actual prejudice to the defendant; and (3) whether the delay was caused by intentional conduct. *Id.*

Plaintiff has twice received notice that a failure to communicate with the Court would result in dismissal of his lawsuit and he responded both times, indicating that he understands the importance of staying in contact with the Court if he wishes to pursue his claims. Nevertheless, Plaintiff has not communicated with the Court since November 15, 2017 and has not provided the Court with his current address. His failure to communicate shows purposeful delay or contumacious behavior on his part.

The first time Plaintiff stopped communicating with the Court he received the lesser sanction of dismissal of his lawsuit without prejudice. The second time he stopped communicating with the Court and an Order to Show Cause was entered, Plaintiff responded and the Order to Show Cause was withdrawn. Based on this record, it does not appear that the interests of justice would be better served at this time by a lesser sanction because Plaintiff continues to ignore the requirement that he keep the Court apprised of his whereabouts.

Regarding the aggravating factors, Plaintiff is not represented by counsel and thus is solely responsible for the failure to communicate with the Court. This factor weighs in favor of dismissing this case with prejudice. Plaintiff will undoubtedly be prejudiced as he will not be able to bring his claims at a later time. Nevertheless, given his apparent lack of interest in pursuing his lawsuit, a dismissal with prejudice appears to be warranted in his case. The third factor, whether his lack of contact with the Court is caused by

intentional behavior, is unknown. It is possible that Plaintiff has become incapacitated since his last contact with the Court, but absent evidence of that, it is assumed that his failure to contact the Court is intentional.

The Court cannot move forward on the merits of Plaintiff's claims without his participation and it appears that he has abandoned his lawsuit. Accordingly, it is recommended that his cause of action be dismissed with prejudice.

### RECOMMENDATION

For all the reasons stated above, it is respectfully recommended that Plaintiff's lawsuit be DISMISSED with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.

Respectfully submitted this 26th day of June, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).